

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Ben S. Peek
Superintendent
Waco State Home
Waco, Texas

Dear Sir:

Opinion No. O-5811
Re: Release of child committed
to the Waco State Home by
a District Court when the
order state that the child
is committed "until further
orders of this court."

        Your letter requests our opinion on "the rights
and powers of the Superintendent . . . and the State Board
of Control to release children under certain conditions . . .
as follows:

        "1.    Suppose that a child is committed to the
Waco State Home by a District Court having compe-
tent jurisdiction and in the Court's order it is
stated that the child is committed 'until further
orders of this Court.' Does the Superintendent,
with the approval of the State Board of Control,
have the power, under RCS, Article 3259, or other-
wise, to release such child without the approval
of the Court which committed it?

        "2.    Suppose that your answer to question No.
1 is that the child cannot be released, can a Dis-
trict Court in another county, on a dependency and
neglected proceeding, order such child to be re-
leased, or must this be done by the Court having
original jurisdiction? Question No. 2 is raised to
cover the case where the parents have since moved
to another county and now are attempting to bring
such a proceeding through a resident of the coun-
ty in order to have Court order the child released
and placed in their custody.

"3.  Assuming the facts to be the same as in question No. 2, but that the application is made on a writ of habeas corpus, instead of dependency and neglect proceedings, could the Court in the second county effect the release of the child if it deemed it to be for the child's best interests, even though the original District Court on Dependency and Neglect had committed the child to this institution 'until further orders of the Court'?

"4.  Assuming the child was committed 'until further orders of the Court', could the Superintendent and the State Board of Control place such child out for adoption and would the consent of the Court committing the child to this institution be necessary in addition to that of the Superintendent?

"5.  Would the consent of the parent or parents of such child placed for adoption under the conditions specified in Question No. 4 be required before the adoption could be properly consummated?"

The general rule is that jurisdiction having attached on the filing of a suit, it cannot be taken away or arrested by subsequent proceedings in another court.  The jurisdiction of a court once acquired cannot be destroyed, diminished, or suspended by any one of the parties bringing an action in another court, and any judgment or order of the latter court is void so far as it conflicts with any judgment or order of the court first acquiring it, Cleveland v. Ward, (Sup. Ct. 1926) 285 S. W. 1063.

Article 2335 states that where a "child shall be found to be a dependent or neglected child" that, such child, though its "care and custody (shall be committed to) any suitable person or any suitable institution . . . (shall be) . . . subject to at all times to the order of the court."  (Parenthetical insertion and emphasis ours)

Now Article 2337, as amended Acts 1943, 48th Legislature, page 300, chapter 194, § 1, with reference to the parent's or guardian's liability to support of an adjudged dependent or neglected child "whether or not the child is committed to the custody of his own parent or guardian, or whether

to any other person, agency, or institution" provides that: "The court shall have power and authority to alter or change such judgments, or suspend the same," as subsequent conditions or circumstances warrant.

"The general control, management and direction of the affairs, property and business of (the State's eleemosynary) institutions is vested in the State Board of Control." Article 3174. (Parenthetical insertion ours)

Section 2 of Article 3259 provides that:

"No child shall be dismissed from the Waco State Home until some suitable home has been found for it, or it has become self-supporting and only then upon the written recommendations of the superintendent to the State Board of Control, or when any ward committed to said Home has become married with the consent of the Board and superintendent. Children may be placed for adoption only in homes approved by the Division of Child Welfare, State Department of Public Welfare. . . ."

The procedure outlined in Section 2 of Article 3259, supra, pertaining to the release of a child from your home is, in our opinion, an additional requirement and does not do away with the necessity of the consent of the committing court.

We answer your first question, "No." The child cannot be released without the approval of the committing court.

We also answer your second and third questions, "No." The consent of the committing court must be obtained, unless the judgment of committal is void.

As to your fourth question: It is our opinion that the present adoption statutes, Article 46a, and the dependent and neglected children statutes, Articles 2330 to 2337, and Article 3259 relating to the Waco State Home should be read and construed together. Under Section 3 of Article 46a, Vernon's Annotated Revised Statutes, it is specifically provided that the Court shall not grant a petition for adoption until the child has lived in the Home of the petitioner for a period of six months, with certain named exceptions. Section 2 of Article

3259, Revised Civil Statutes, provides that "Children placed in the Waco State Home may be placed for adoption only in homes approved by the Division of Child Welfare, State Department of Public Welfare." When the above statutes are construed together it is our opinion that it is not necessary to obtain the consent of the committing court before the child is placed in a home on trial, for adoption.

The answer to your fifth question is, "NO." Article 46a, Section 6, is as follows:

"Except as otherwise specified in this Section, no adoption shall be permitted except with the written consent of the living parents of the child. In the case of a child fourteen years of age or over, the consent of such child also shall be required and must be given in writing in the presence of the Court. Consent shall not be required of parents whose parental rights have been terminated by order of the Juvenile Court or other Court of Competent Jurisdiction; provided, however, that in such cases adoption shall be permitted only on consent of the Superintendent of the Home or School, or of the individual to whom the care, custody or guardianship of such child has been transferred by a Juvenile Court or other Court of Competent Jurisdiction. In case of a child not born in lawful wedlock the consent of the father shall not be necessary." (Emphasis ours)

The case of Matthews v. Whittle, (C.A. 1941) 149 S.W. (2d) 601, is directly in point, holding in a fact situation such as you describe that the parents' "written consent was unnecessary." (Page 603)

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

David Wuntch
Assistant

DW:db